No. 66.—WILLIS WOOD, Administrator, v. L. C. CALLOWAY, H. K. CARTER, Third Opponent.

A merchant has a privilege on the crop for the necessary supplies furnished to make it. Act of 1843, amending article 3184 of the Civil Code.
No privilege is allowed on the crop for money advanced to the planter.

APPEAL from the District Court, parish of Union. *Watkins*, J. *Stubbs & Cobb*, for opponent, appellant. *A. B. George*, for defendant and appellee.

LUDELING, C. J. In 1865 Willis Wood, administrator, attached on the plantation of L. C. Calloway forty-one bales and twenty-two hundred and fifty pounds of cotton belonging to said Calloway. During the pendency of the suit the cotton was sold under an order of Court and the proceeds were held to abide the final decision of the court.

H. K. Carter made opposition to regulate the effect of the seizure, contending that he had a privilege on the cotton or its proceeds superior to plaintiff's, being for necessary supplies furnished to Calloway, and he prayed for a judgment against Calloway for his debt and for a recognition of his privilege on the cotton or its proceeds.

There was judgment in favor of Willis Wood, administrator, and against H. K. Carter rejecting his demands. From this judgment H. K. Carter has appealed.

The evidence satisfies us that the necessary supplies for the plantation of Calloway, to the extent of one thousand and ninety-five dollars and eighty cents, were furnished by H. K. Carter to make the crop of 1861, and that the cotton attached was raised on the plantation in 1861.

Calloway says in answer to interrogatories on facts and articles: "I received *supplies necessary* for the use of my plantation from H. K. Carter to the amount of one thousand and ninety-five dollars and eighty cents."

In Hollander *v.* His Creditors this court said: "The act of 1843, amending article 3184 of the Code, provides that debts due for necessary supplies furnished to any farm or plantation shall be entitled to a privilege on the crop for the making of which those supplies were furnished" (p. 668). There is nothing in the cases of Shaw *v.* Knox, 12 An. p. 41; McCutcheon *v.* Wilkins, 12 An. 483; or Shaw *v.* Grant, 13 An. 52, which militates against this position. The privilege of Carter for necessary supplies should have been allowed. His pretentions for a privilege for any sums of money advanced to Calloway were properly disallowed. But there should have been judgment against L. C. Calloway for the full amount of the note made in favor of H. K. Carter as the debt was duly proved.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided and reversed. It is further adjudged and decreed that there be judgment in favor of H. K. Carter against L. C. Calloway for the sum of six thousand seven hundred and fifty-eight dollars and forty-five cents, with eight per cent. per annum interest thereon from the twenty-eighth day of April, 1862, till paid, and costs, and that his privilege on the proceeds of the cotton attached and sold in the suit of Willis Wood *v.* L. C. Calloway be recognized and enforced for the sum of one thousand and ninety-five dollars and eighty cents. It is further ordered that Willis Wood, administrator, pay the costs of the opposition and of this appeal.